No. 23-40611

In the

# United States Court of Appeals
## For the Fifth Circuit

———————————

DAVID EDWARD ELLIS,

*Plaintiff-Appellant,*

*v.*

SCHNEIDER NATIONAL CARRIERS, INCORPORATED,

*Defendant-Appellee.*

———————————

On Appeal from the United States District Court
for the Southern District of Texas, Laredo
Honorable Diana Saldaña, District Judge
Case No. 5:21-cv-00025

———————————

**BRIEF FOR DEFENDANT-APPELLEE
SCHNEIDER NATIONAL CARRIERS, INC.**

———————————

Matthew A. Fitzgerald
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
F: (804) 698-2251

*Counsel for Appellee*

## CERTIFICATE OF INTERESTED PERSONS

No. 23-40611
*Ellis v. Schneider National Carriers, Inc.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

- Saldaña, Diana, U.S. District Court Judge, Southern District of Texas
- Song Quiroga, Diana, U.S. Magistrate Judge, Southern District of Texas

**Defendant-Appellee**

- Schneider National Carriers, Inc.
    - Defendant Schneider National Carriers, Inc. is a wholly-owned subsidiary of Schneider National, Inc. ("SNI"). SNI is publicly traded on the New York Stock Exchange under the ticker symbol "SNDR."

**Counsel for Defendant-Appellee**

- Fitzgerald, Matthew A.
- Lennox, Katharine P.
- Madriz, Meghaan C.

- Milianti, Peter A.

- McGuireWoods LLP

- Wake, Sarah K.

**Plaintiff-Appellant, pro se**

- Ellis, David Edward

/s/ Matthew A. Fitzgerald
Matthew A. Fitzgerald

*Attorney of Record for Appellee Schneider
National Carriers, Inc.*

## **STATEMENT REGARDING ORAL ARGUMENT**

Oral argument is not necessary to affirm based on the district court's well-reasoned orders.  The appeal presents no dispute of law, the facts are straightforward, and appellant is pro se.  *Cf.* 5th Cir. Rule 34.2 (oral argument is handled by counsel).

# **TABLE OF CONTENTS**

**Page**

JURISDICTIONAL STATEMENT ...........................................................1

STATEMENT OF THE ISSUE.................................................................1

STATEMENT OF THE CASE...................................................................1

I.    Facts .................................................................................................1

II.   Procedural History ..........................................................................5

SUMMARY OF ARGUMENT ................................................................6

STANDARD OF REVIEW .....................................................................7

ARGUMENT ..........................................................................................8

I.    All claims except the religion ones were rightly dismissed on the pleadings and Mr. Ellis abandons them on appeal........................................8

II.   Summary judgment was proper on the religion claims because the evidence shows beyond a genuine issue of material fact that Schneider terminated Mr. Ellis for inappropriate workplace emails.....................................10

CONCLUSION ....................................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)......................................................................7

*Clark v. America's Favorite Chicken Co.*,
   110 F.3d 295 (5th Cir. 1997) .....................................................7

*Horvath v. City of Leander*,
   946 F.3d 787 (5th Cir. 2020) ...............................................12, 13

*Hulsey v. Texas*,
   929 F.2d 168 (5th Cir. 1991) ....................................................10

*LeMaire v. Louisiana Dep't of Transp. & Dev.*,
   480 F.3d 383 (5th Cir. 2007) ....................................................13

*Price v. Digital Equip. Corp.*,
   846 F.2d 1026 (5th Cir. 1988) ..................................................10

*Royal v. CCC & R Tres Arboles, L.L.C.*,
   736 F.3d 396 (5th Cir. 2013) ....................................................13

*Sossamon v. Lone Star State of Texas*,
   560 F.3d 316 (5th Cir. 2009) ......................................................7

*United States v. Maes*,
   961 F.3d 366 (5th Cir. 2020) ....................................................10

*Weaver v. Puckett*,
   896 F.2d 126 (5th Cir. 1990) .................................................9, 10

*White v. U.S. Corrections LLC*,
   996 F.3d 302 (5th Cir. 2021) ......................................................7

*Yohey v. Collins*,
   985 F.2d 222 (5th Cir. 1993) ....................................................10

**Statutes**

28 U.S.C. § 1291 ................................................................................1

28 U.S.C. § 1331 ................................................................................1

29 U.S.C. § 621 *et seq.* .....................................................................1

42 U.S.C. § 2000e *et seq.* ..................................................................1

42 U.S.C. § 12101 *et seq.* ..................................................................1

## JURISDICTIONAL STATEMENT

The district court had federal question jurisdiction under 28 U.S.C. § 1331 because it interpreted Mr. Ellis as asserting claims of disability, age, race, and religious discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* The district court entered final judgment as to all claims on September 26, 2023. ROA.538. Mr. Ellis timely appealed on October 20, 2023. ROA.540. This Court has appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

I.     Did the district court properly grant dismissal and summary judgment when all evidence in the record shows that Mr. Ellis was terminated for sending inappropriate emails with name-calling and sexual content after being warned to stop doing that, and not because of any discrimination or retaliation?

## STATEMENT OF THE CASE

**I.     Facts**

**Employment and early emails from Mr. Ellis.** David Edward Ellis worked for Schneider as a long-haul trucker from August 2019 until January 2020.

ROA.368; ROA.376.  His duties included picking up and delivering freight, subject to the supervision of Jorge Andres Bustamante and Virginia Solares.  ROA.368.

On October 9, 2019, Mr. Ellis wrote an email complaining about Ms. Solares.  ROA.380-81.  As his dispatcher, she wanted Mr. Ellis to check in with her by phone, while he wanted to communicate only by text on a messaging app.  ROA.370-71; ROA.381.  Mr. Ellis seemed to express that Ms. Solares probably wanted him to call her because she was interested in him romantically.  He added that "[i]t's great that at age 62 I still drive the women wild and make them do the craziest things."  ROA.371; ROA.381.

Later in the same month, Mr. Ellis sent another email to four other colleagues about Ms. Solares.  He claimed that he had a "cultural conflict" with her, and that it could not be a racial conflict because his ex-wife was Hispanic, his girlfriend was "100% Mexicana" and "didn't speak a word of English," and that he had "enjoyed" "check[ing] her entire body several times with [his] tongue looking for her mark that says [Made in Mexico]."  ROA.383.  Along the way, Mr. Ellis referred to his son as "his only begotten son, Mark 'Of the Beast.'"  ROA.383.  He continued to insist that he was in a "perennial war of the sexes," admitted that he had not "discussed ideology with Vicky, but her actions say she is punishing me for my insistence that we keep our relationship strictly professional, strictly business and in print in the Messaging app."  ROA.383.  He proceeded to discuss

2

his religious philosophy and added that women are less likely than men to understand the business advantage of happiness because "men are traditionally their breadwinners." ROA.385. Mr. Ellis then referred again to his "single bachelor sexually uninvolved status." ROA.385.

The email recipients forwarded it to Mr. Bustamante, who then asked another colleague for "[s]uggestions how to proceed with [Ellis]" due to his "inappropriate communication." ROA.382.

**Performance Management Plan (PIP).** Mr. Ellis received a PIP on November 22, 2019. ROA.386. Mr. Bustamante and Ms. Solares met with him in person to discuss the PIP. ROA.372. Mr. Ellis was told he needed to adhere to Schneider's core value of "respect for all" and "work on effective performance of the core competency of communication." ROA.373. The PIP noted that "associates who received [Ellis's] message found it offensive due to [s]exual inappropriate references particularly." ROA.386. It instructed Mr. Ellis that his "communication must be professional to maintain [an] appropriate working environment." ROA.386. Mr. Ellis signed the PIP and did not dispute the information in it. ROA.372. He knew that if he engaged in similar conduct in the future, his employment could be terminated. ROA.373.

**Further inappropriate emails and Schneider discharges Mr. Ellis.** On December 24, 2019, Mr. Ellis sent an email to Mr. Bustamante and Ms. Solares in

which he stated that he "had really nightmarish experiences with the unchained hatred I got from female managers and their dickless clueless and submissive male partners" at his prior employer. ROA.387. He described that company as "the Church of Latter-Day Holy Whoremongers" and "Holy Whore-Pigs," and a former "driver manager" as "the USS Battle-Bitch Whore-Fang." ROA.387.

On January 13, 2020, Mr. Ellis sent another inappropriate email to Mr. Bustamante and Ms. Solares. ROA.374; ROA.388-99. In this 12-page email, Mr. Ellis refused to "go see a mental health professional" and called psychologists "cowardly bullies" and "USS Battle-Bitches and Battle-Bastards Whore Fang." ROA.388, 390. Apparently addressing Ms. Solares, he asserted that his "paranoid accuser would only be so lucky if I had a personal interest in her or any other woman," and called her "accusation" "baseless petty-minded hysterical nonsense." ROA.391, 393. The email is also laced with attacks on religion (worshippers are "crazed cannibals," ROA.399) and explanations of his personal God, philosophy, and religious dreams. Other pages of the email also discuss topics ranging from his "intolerable toxic parents" and the "authoritarian culture of the Military," to Henry David Thoreau and astronaut training. ROA.394-99.

Schneider terminated Mr. Ellis's employment the following day. ROA.376.

II.    **Procedural History**

In March 2021, Mr. Ellis, pro se, sued Schneider and its two employees, Mr. Bustamante and Ms. Solares.  ROA.13-18.  He appeared to assert claims of disability, age, race and religious discrimination and retaliation under the ADA, ADEA, and Title VII.  ROA.30-32; ROA.15-16.  Schneider moved to dismiss the complaint for failure to state a claim.  ROA.51.

On March 28, 2022, the district court granted Schneider's motion to dismiss in part.  The district court dismissed the individual Schneider defendants and dismissed Mr. Ellis's claims of discrimination based on disability, age, and race, and retaliation claims brought under Title VII for whistleblowing, refusing to follow orders, and asking about wages.  ROA.132-33.  The only claims that remained were Mr. Ellis's claims based on alleged religious discrimination under Title VII.

Schneider moved for summary judgment.  ROA.347-57.  On September 26, 2023, the district court granted Schneider's motion for summary judgment as to the remaining claims and entered its final judgment.  The district court ruled that Mr. Ellis had failed to show that his termination was caused by a conflict between his religion and his job duties, and Mr. Ellis had failed to show pretext in Schneider's explanation—that he was terminated for repeatedly sending offensive emails after being told to stop.  ROA.536; ROA.538.

## SUMMARY OF ARGUMENT

Plaintiff David Ellis was terminated from Schneider in January 2020 for sending inappropriate emails after being warned to stop doing that. He had been placed on a PIP in the fall of 2019, which noted that his past emails had been "offensive due to sexual inappropriate references," and instructed that his future "communication must be professional." ROA.386. Less than two months later, Mr. Ellis sent further emails calling people "USS Battle-Bitches and Battle-Bastards Whore-Fang," among (extensive) other invective. Schneider terminated him the next day. Mr. Ellis sued Schneider, contending that his termination was unlawful discrimination under a series of federal laws.

The district court handled this case for two and a half years across almost 80 docket entries. The court ultimately issued two rulings, totaling almost forty pages. Walking through each element of each type of possible discrimination, the district court explained why all of them either failed to state a claim or were not supported by evidence warranting a trial. *See* Order, ROA.116-33; Order, ROA.517-36. In the end, all evidence showed that Mr. Ellis was terminated because he did not maintain professional communications with his coworkers and supervisors, but insisted on sending emails blasting his female supervisor and containing extensive vulgarities and discussions of his own sexual past and dreams. That the emails had a religious aspect changed nothing about their

6

inappropriateness, and the district court rightly recognized that no reasonable jury could see it any other way.  This Court should affirm.

## STANDARD OF REVIEW

This Court reviews a district court's order granting dismissal under Rule 12(b)(6) and summary judgment under Rule 56 de novo.  *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (summary judgment); *White v. U.S. Corrections LLC*, 996 F.3d 302, 306 (5th Cir. 2021) (motion to dismiss).

Dismissal under Rule 12(b)(6) should be affirmed if the complaint fails to "prove the plaintiff's grounds for entitlement to relief" including if the complaint fails to make "including factual allegations . . . that when assumed to be true raise a right to relief about the speculative level."  *White*, 996 F.3d at 307.

Summary judgment is proper when there is no genuine dispute of material fact—that is, when there is no "evidence . . such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986) (noting that "if evidence is merely colorable" or "is not significantly probative . . . summary judgment may be granted").  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  Mere beliefs or unsupported allegations are insufficient to survive summary judgment.  *E.g.*, *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

# **ARGUMENT**

Plaintiff David Ellis was terminated from Schneider in January 2020 for sending inappropriate emails after being warned to stop doing that. After being placed on a PIP in October 2019, Mr. Ellis sent further emails which were even more improper.

When Mr. Ellis sued Schneider, the district court interpreted his complaint as bringing claims for employment discrimination based on race, color, religion, age, disability, and retaliation. ROA.116-17. In two lengthy opinions, totaling 37 pages, the district court (Judge Saldaña) explained in detail why most of these claims failed to state a claim, and why the religion and retaliation claims could not survive summary judgment. *See* ROA.116-33 (dismissing claims for race, color, age, and disability); ROA.517-36 (granting summary judgment against claims for religious discrimination and retaliation). The district court was correct.

## I.  **All claims except the religion ones were rightly dismissed on the pleadings and Mr. Ellis abandons them on appeal.**

On appeal, Mr. Ellis's opening brief makes no argument about any of the claims dismissed for failure to state a claim. *See* Order, ROA.116-33. The district court ruled:

- Claims against Mr. Ellis's supervisors personally had to be dismissed because the ADA, ADEA, and Title VII provide no cause of action against individual managers. ROA.119.

8

- As for the ADA disability claim, Mr. Ellis failed to allege disability discrimination on his EEOC charge form, and so the court dismissed the claim for failure to exhaust administrative remedies.  ROA.120-21.

- As for the race and color discrimination claims, Mr. Ellis is white and Caucasian, and he did "not allege that he was replaced by someone who was not Caucasian or white, nor does he allege that non-white, non-Caucasian employees were treated more favorably."  ROA.123.

- As for retaliation claims, the district court found that Mr. Ellis had failed to state claims for retaliation based on "whistle-blowing" against his managers, refusing to follow orders he thought discriminatory, and seeking wage information to uncover potentially discriminatory wages.  ROA.128-30.  In short, Mr. Ellis pleaded no connections between these personal opinions he held and any knowledge of them or apparent reaction from the supervisor who terminated him.  ROA.128-30.

- As for the age discrimination claim under the ADEA, Mr. Ellis "fail[ed] to allege any facts that would tie [his] termination to [his] age."  ROA.131.

Nothing in Mr. Ellis's opening brief contradicts or addresses any of these rulings.  Mr. Ellis does not present any argument or facts to support these claims, nor any "citation to the authorities, statutes and parts of the record relied on" that is required for all briefs, including those of pro se appellants.  *Weaver v. Puckett*, 896

F.2d 126, 128 (5th Cir. 1990); *see also Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (pro se litigant are not "exempt . . . from compliance with relevant rules of procedural and substantive law."). Although this Court "liberally construe[s] the briefs of pro se appellants," it also requires that "arguments must be briefed to be preserved." *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (citations omitted). Mr. Ellis's failure to brief any arguments on these points abandons them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *United States v. Maes*, 961 F.3d 366, 377 (5th Cir. 2020) (noting that failure to adequately brief an argument forfeits the claim on appeal).

## II.   Summary judgment was proper on the religion claims because the evidence shows beyond a genuine issue of material fact that Schneider terminated Mr. Ellis for inappropriate workplace emails.

The district court allowed claims for religious discrimination and one retaliation claim, based on Mr. Ellis's asserting a need for religious accommodation, to survive the motion to dismiss. ROA.130; ROA.125. Schneider later sought summary judgment on these claims and the district court correctly granted it.

In assessing Mr. Ellis's claims for religious discrimination and retaliation, the district court accepted that he had a bona fide religious belief and that he had informed Schneider of his belief. The problem for Mr. Ellis was that there was no inherent clash between his religious beliefs—being celibate and talking about

God—and his job as a long-haul trucker.  ROA.526.  Mr. Ellis was placed on a

PIP, and later terminated, for inappropriate language and sexual references in his

emails to coworkers and supervisors.  There was "no evidence of any employment

requirements from Defendant Schneider demanding [that Ellis] violate his religious

mandates."  ROA.528.  Moreover, as the district court noted, regardless of any

religious tint, Schneider rightly objected to Mr. Ellis "referr[ing] to women as

'USS Battle-Bitches and Battle-Bastards Whore Fang," accusing his dispatcher

Ms. Solares of being "petty-minded" and "hysterical," and saying she "would only

be so lucky if he had [a] personal interest in her or any other woman."  ROA.529.

   Mr. Ellis did not dispute any of these statements in the district court,

ROA.529, and he does not dispute them now.  These statements, especially in light

of the earlier PIP and its warnings, provide ample legitimate reasons for Schneider

to terminate Mr. Ellis.  ROA.536 (adding that there was no evidence of pretext).

The district court rightly concluded that no reasonable jury could find on these

facts that Mr. Ellis was terminated for an illegal anti-religious reason.

   On appeal, Mr. Ellis does not deny the contents of his emails, which are in

the record. ROA.380-81, ROA.382-85, ROA.387, ROA.388-99.  Instead, Mr.

Ellis's brief continues to assert that what he said in his emails came from his

religion and religious dreams.

11

But at the same time, Mr. Ellis reiterates and expands on the inappropriate statements and name-calling that led to his termination. Mr. Ellis now refers to his female former dispatcher as "Love Lips." Op. Br. 2, 5, 18, 20, 31, 33. He calls his male former supervisor "El Ted Bundy" more than a dozen times, as well as a "complete idiot," "blithering idiot," and a criminal drug kingpin. Op. Br. 2, 5, 7, 9-11, 16-21, 25, 28, 29-31, 33, 35. In short, Mr. Ellis admits what he said and in general his brief proves it.

To defend his emails, Mr. Ellis asserts that the sexual references about his girlfriend were not inappropriate because they described sexual pleasure in his own personal life. Op. Br. 20. Regardless, it is not proper in a work email to describe licking anyone's body all over. Similarly, Mr. Ellis explains that his term "Whore-Fang" was "merely a fair and reasonable descriptive name" for his religious dreams in which he engaged in specific sexual acts with various women (or devils). Op. Br. 21. The point is, in response to his PIP, Mr. Ellis obviously did not conform his emails to colleagues to business-relevant topics or refrain from name-calling or inappropriate sexual references. Indeed, he is still, here in court, demonstrating the conduct that got him terminated.

Nothing in his brief even begins to cast into question the district court's conclusion that he was ultimately terminated for the inappropriate content of his emails and not for any illegal religious discrimination or retaliation. *Horvath v.*

*City of Leander*, 946 F.3d 787, 793 (5th Cir. 2020) (finding employee's defiance to his employer's instructions provided a legitimate non-retaliatory reason for termination, separate from religious beliefs that led to the defiance); *see also LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007) (finding that job performance, including a refusal to do a task, "is a legitimate, non-retaliatory reason for termination").

There is no genuine issue of material fact here. No reasonable jury could find any type of illegal discrimination in Schneider terminating Mr. Ellis. *See Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) ("A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

The law allows Schneider to require its truckers to communicate with their co-workers and supervisors coherently and respectfully, using proper language and sticking to business topics. Twelve-page emails of name-calling and page-after-page of vulgar discussion of topics far afield from the trucking industry are a reasonable source of concern for any company. And there is no evidence that Schneider has or would tolerate such behavior from anyone, regardless of religious belief. (Indeed, companies can face liability for *allowing* such behavior).

After being specifically warned, Mr. Ellis was unable to conform his emails to the bounds of ordinary propriety and to topics relevant to his job. The district

court was then careful to the point of generosity with Mr. Ellis as a pro se litigant.

This Court should affirm.

## **CONCLUSION**

This court should affirm the district court's judgment.

Dated:  February 6, 2024                    Respectfully submitted,

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
T: (804) 775-4716
F: (804) 698-2251
mfitzgerald@mcguirewoods.com

*Counsel for Appellee Schneider National
Carriers, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 6, 2024, the foregoing was filed with the

Clerk of the United States Court of Appeals for the Fifth Circuit using the

CM/ECF system.  I also certify that on the same day, I sent a copy of the foregoing

through U.S. Mail, postage prepaid, to the following:

David Edward Ellis
P.O. Box 41
Laredo, TX 78042

*Pro Se Plaintiff-Appellant*

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald
MCGUIREWOODS LLP

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2,961 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Times New Roman style.


*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald
MCGUIREWOODS LLP

16